Van Vorst, J.
The power of the court to order a sequestration of the property of a husband, upon his neglect or refusal to give security for the allowance made to his wife in an action for a separation or limited divorce, or upon his default to provide such allowance, is conferred by statute. Upon such neglect, refusal or default, the court may sequester his personal estate and the rents and profits of his real estate, and may appoint a receiver thereof, and may cause such personal estate and the rents and profits of such real estate to be applied towards such allowance as to the court shall, from time to time, seem just and reasonable (2 R. S. 148, § 60). In the action brought by his wife against her husband, a defendant in this action, for a limited divorce for ill-treatment, a judgment was recovered decreeing a separation, and requiring him to pay her $7,000 a year, in semi-annual installments, for *266 her support and maintenance, and an additional sum of $1,600, and to give security therefor. Her husband has wholly neglected to give the security or provide for the allowance, and has absconded and gone beyond the jurisdiction of the court: Upon that fact appearing, the court has made the usual order of sequestration, and the plaintiff has been appointed sequestrator.
Before, the order of sequestration, but after the commencement of the action for a separation, the defendant, the husband, by deed executed and recorded, has conveyed away all his real estate, of large value, several hundred thousand dollars, and sold and disposed of his personal property. The conveyances of the real property were made to the daughters of the defendant, and the personal property was also conveyed to them and others. The conveyances were fraudulently made, and with the intent and purpose of preventing his wife from collecting or enforcing any order or judgment making provision for her support in her action against him. The daughters, when they received the conveyances and transfers of the property from the father, knew of his fraudulent purpose, and accepted the conveyances and transfer with the like fraudulent purpose and intent. The above facts appear by the complaint in the action. One of the daughters, who received conveyances and transfers of property, real and personal, is a defendant in this action, and a similar action is pending against another daughter and her father. When the sequestrator came to exercise the functions of his office, he found no real estate the rents and profits whereof belonged to the defendant, and no personal property to which he had legal title. This action is brought to impeach the goodness and honesty of the conveyances and disposition made by the husband of his property, real and personal. They are claimed to be fraudulent, and for the purposes of this *267 inquiry must be deemed to be of that character. The plaintiff demands that the conveyances and transfers of the property, real and personal, may be declared fraudulent and void as against the judgment recovered by the wife in her action against her husband, and as against the plaintiff, and that the property be held and adjudged to be subject to and held applicable to the payment of the judgment, and that the plaintiff as sequestrator be allowed to take possession of the real estate, and to collect and receive the rents and profits thereof, and also all of said personal property. An accounting is also demanded of the grantee and vendee of the real and personal estate, of the rents, profits and proceeds thereof. The rents and profits of the real estate follow the title. By the conveyance of the land to the daughter the father is divested of all legal and equitable claim to the same. There is no claim or pretense that anything was reserved to the grantor by the conveyances. By the order appointing him sequestrator, the plaintiff is not vested with nor is he entitled to a conveyance to himself of the real estate of the husband, the defendant. He is not entitled to receive the rents and profits through any supposed title in himself to the land. Bents and profits of real estate have been sequestered. It is very clear that the rents and profits intended to be reached are those the husband was entitled to receive. After his appointment, the sequestrator could collect such rents and profits, instead of the husband, and the husband’s tenants could, by order of the court, be obliged to attorn to the plaintiff. But having parted absolutely with his title to the land, the rights of the landlord, legal and equitable, to the rents was ended. The proceeding to sequester the rents and profits was not intended to disturb title to the land. However they may be impeached by others, the conveyances by the defendant to his daughter of the land was and is as between *268 them good and effectual to pass the title and carryover the rents as inseparable therefrom. Although fraudulently made, the conveyances could not be questioned at the suit of the father against his daughter (Story Eq. Jur. § 371). As against a creditor the conveyances may be fraudulent, and at his instance may be set asidé ; but until they are so set aside, the legal right of the grantee to the rents and profits is complete. Has the sequestrator, by virtue of his appointment, any right to maintain an action to annul these conveyances and place himself in an attitude legally to collect these rents ? He has been ordered by this court to bring an action to annul the conveyances. Does this order vest him with a right to maintain in his own name this action ? I think not.
But is the court to be baffled by the defendant, and its judgment rendered wholly inoperative by his contrivances to defeat it? Not at all.
Foster v. Townshend (2 Abb. New Cas. 29-44) in the court of appeals, decides “ that any proceeding to compel the application of the rents and profits, or in any way to compel the payment of the alimony from the property, must be had by the party in whose interest the sequestration was ordered.” And again, at page 46, it is said “ that when an adverse claim to the. rents and profits is asserted, the plaintiff in the action would have a remedy by an order for the examination of the claimant pro interesse suo, and such proceedings thereon as would lead to an adjudication of the rights of the parties.” Various authorities and cases are cited by the learned judge delivering the opinion of the court of appeals', sanctioning such a proceeding and practice. The learned chief justice of the court of common pleas examined the question of rights and duties of the person appointed by the court to make a sequestration effective, in the case of Foster v. Townshend, when it was in his court (2 Abb. New *269 Cas., 33). His opinion covers nearly every point involved. He says “in respect to the real estate the right extended only to possession, the legal title remaining in every respect as before.”
He does indeed well say “ that a fraudulent alienation of the profits can have no effect upon a sequestration,” but he afterwards adds, and cites authorities in support of his position, that “it appears now to be settled that the parties for whose benefit the sequestration has been ordered may require the party claiming an adverse right or title to come in and show cause why he should not be examined pro inter esse smo ” (Empringham v. Short, 3 Hare, 461). I know of no rule which limits proceedings of this nature in the original action to rights acquired by others after the sequestration was ordered. In proceedings thus instituted in the action an issue could be framed and submitted to a jury, to try and determine the question of good faith of the conveyances. Such course is suggested in one or more of the cases to which reference is made in the opinions above cited. See also 1 Hoffm. Ch. Pr. 145-160, where the cases on this subject are collated in the notes. But in addition, the rights of the plaintiff in the action for divorce under her judgment may be directly secured by an affirmative proceeding in her own name, in a new action to set aside as fraudulent the conveyances and transfers made by her husband.
The case of Blenkinsopp v. Blenkinsopp (12 Beav. 586), affirmed on appeal (21 Law J. 401), is, in its prominent features, akin to the one under consideration. Conveyances were fraudulently made by her husband to defeat an expected judgment for alimony and allowances for support, in an action by his wife against him. Sequestration had also been ordered, the husband having absconded, but the sequestrator succeeded to nothing by occasion of the transfers, but the wife’s action in equity was upheld. The conveyances *270 were set aside, and satisfaction for alimony in arrear and security .for the future was awarded her • out of the property (Taylor v. Wyld, 8 Beav. 159). The real interest is in the plaintiff in the original suit. The wrong done is against her, to despoil her of the fruits of her judgment, and redress should be sought in her name, if it is to be invoked in a new action.
The proceeding above indicated in the original action itself for a summary disposition of conflicting claims and interests proceeds upon that basis. The sequestrator does not represent that interest, nor can he invoke proceedings to redress the wrong. With such remedies open to the wife, the aggrieved party, it cannot be truthfully said that she is without the means of complete redress, nor that the court is powerless to aid her. The case of Porter v. Williams (5 Sel. 142) is no authority in support of this action. In that case the receiver was appointed in proceedings supplementary to execution, and his right to the debtor’s real estate, as is shown, is created by positive law applicable to such proceedings. There has been an order made enabling the sequestrator to sue. The order is not before me. But I do not understand from the substance set forth in the complaint that the sequestrator was directed absolutely to sue in his own name. But if it did, I think the question as to his right and power to maintain such action could be raised on this demurrer. I think the demurrer is well taken, and that there should be judgment for the defendants therein, but without costs.
No appeal was prosecuted.